## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ORACLE OIL, LLC**                                   **CIVIL ACTION**

**VERSUS**                                            **NUMBER 10-388-JJB-DLD**

**LIBERTY  MUTUAL  INSURANCE COMPANY, ET AL.**

### MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiff's motion to remand and request for costs (rec. docs. 5 and 11).  The motion is opposed and has been referred to the undersigned for a report and recommendation (rec. docs. 7 and 14).  The issues before the court are whether the matter was initially removable based on the allegations in the original petition and whether the notice of removal was timely filed.

### Factual Background

Plaintiff Oracle Oil, LLC (Oracle) is the operator of the Lucille Broussard, et al No. 1 well (the Well) located in Vermilion Parish, Lafayette.  Plaintiff allegedly contracted with defendant Wise Well Intervention Services, Inc. (Wise Well) to provide cement, acidizing, and other services in connection with the Well (rec. doc. 5-1).  Plaintiff alleges that in or around August 2008, while performing a cement job on the Well, Wise Well pumped "green cement" into the well bore (rec. doc. 1-1).  The "green cement" was allegedly from a prior job that had been left in Wise Well's cement pump. Id.  Plaintiff alleges that the "green cement" allegedly "clogged the injection stinger and tubing and caused Oracle to abort the cement job" and "contributed to the failure of a subsequent squeeze job and the inability

to complete the workover on the well." Id.  Oracle learned of the problems associated with the use of the "green cement" in January 2009 when it attempted to clean out the well bore. Id.

On October 29, 2009, Oracle brought suit against Wise Well for the damages it sustained as a result of the use of the "green cement." Id.  Oracle alleges that the acts and omissions of Wise Well constitute negligence and breach of implied warranties in the contract between Oracle and Wise Well.  Id.  Oracle seeks damages from Wise Well in the form of reimbursement of additional costs incurred by Oracle; consequential damages, including, but not limited to loss of reserves, loss of revenue, and loss of other business opportunities; cost of drilling a replacement well to capture the proven reserves. Id.

Wise Well did not file an answer or a notice of removal in response to plaintiff's petition.  Rather, on December 9, 2009, Wise Well filed a voluntary petition for bankruptcy in the United States Bankruptcy Court, Southern District of Texas (rec. doc. 7-1, Exhibit A). Plaintiff moved the United States Bankruptcy Court, Southern District of Texas for relief from the automatic stay to allow it to proceed under the direct action statute against the non-debtor insurance companies, who had issued policies of insurance to Wise Well, for the damages sought against Wise Well in the original petition.  On April 26, 2010, the United States Bankruptcy Court, Southern District of Texas granted plaintiff's motion to modify the automatic stay and specifically provided in its order that "the automatic stay was terminated as to Oracle such that Oracle may (1) liquidate its claim against [Wise Well] in the Lawsuit and (2) amend its petition in the Lawsuit to pursue direct action against the Insurance Companies under Louisiana's direct action statute" (rec. doc. 1-1).  The order goes on to state that "neither [Wise Well] nor the Chapter 7 trustee is required to participate

-2-

in the Lawsuit" and that plaintiff would "look solely to any available insurance to recover any and all damages awarded by judgement in, or settlement of, this Lawsuit" (rec. docs. 1-1, 7-5).

On April 30, 2010, plaintiff filed a first supplemental and amending petition against Liberty Mutual Insurance Company, Lexington Insurance Company, Markel Insurance Company under three separate insurance policies for damages sustained as a result of Wise Well's acts and omissions.   Id.   All three insurers were served with the first supplemental and amending petition on May 7, 2010 (rec. doc. 1).   Lexington Insurance Company filed a notice of removal based on diversity jurisdiction on June 7, 2010.[1]  Id. Plaintiff filed a motion to remand, which is now before the court for a report and recommendation.

**Argument of the Parties**

Plaintiff moves this court for an order remanding this matter because the notice of removal was not timely filed (rec. doc. 5).   Plaintiff argues that the allegations  regarding the amount in controversy in the original petition were sufficient to put defendant on notice that this matter was initially removable; therefore, the notice of removal should have been filed within 30 days of receipt of the original petition.  Further, plaintiff argues that since the

---

[1] In its amended notice of removal, Lexington established diversity of citizenship by alleging that Oracle Oil, LLC is a Louisiana limited liability company, whose members are Robert Brooks, Linda Brooks, and Brett Furr, all of whom are domiciliaries of East Baton Rouge Parish; Lexington Insurance Company is a foreign insurer incorporated in Delaware with its principal place of business in Massachusetts; Liberty Mutual Insurance Company is a foreign insurance company incorporated in Massachusetts with its principal place of business in Massachusetts; Markel Insurance Company is a foreign insurance company incorporated in Illinois with its principal place of business in Illinois and Virginia; and Wise Well Intervention Services, Inc. is a defunct and bankrupt foreign corporation that was incorporated in Texas and had its principal place of business in Texas (rec. doc. 16).   Lexington represents that all defendants "consent and join in its removal to federal court." (rec. doc. 1).

first-served defendant Wise Well failed to timely remove this matter, the subsequently added insurer defendants cannot remove this matter and that there are no "exceptional circumstances" in this case that would support removal by a later-served defendant. Finally, plaintiff argues that it is entitled to costs, expenses, and fees associated with filing the motion to remand because it sent defendants a letter notifying them of the deficiencies in the notice of removal and requested their consent to a motion to remand on June 14, 2010, to which defendants never responded.

Defendants respond by arguing that this matter was not initially removable because the original petition did not affirmatively state on its face that plaintiff was seeking damages in excess of the jurisdictional amount.  Defendants argue that they ascertained that this matter was removable when they were added as defendants in the first supplemental and amending petition for damages and that the notice of removal was timely filed within 30 days of receiving the first supplemental and amending petition pursuant to 28 U.S.C. §1446(b).  Defendants contend that the addition of the three new insurer defendants with three levels of insurance coverage satisfied the amount in controversy requirement and made this matter removable.  Defendants suggest, however, that *if* the court were to find that this matter was initially removable, that it recognize an exception to the first-served defendant rule because Wise Well would have been unlikely to remove this matter because it had ceased operating months before suit was filed, and the first supplemental and amending petition constitutes a new lawsuit from which the 30-day removal period should run.  Defendants argue that the notice of removal was reasonable; therefore, plaintiff's request for fees, costs, and expenses should be denied.

-4-

## Law and Discussion

The removing party bears the burden of showing both that federal jurisdiction exists and, if challenged, that the removal was procedurally proper. <u>See</u>, e.g., *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).  The failure to comply with the procedural requirements of Sections 1441 and 1446 may result in remand if the procedural defects are timely raised by the party opposing removal. *Fontenot v. Johnson & Johnson*, 2010 WL 2541187 (W.D. La. 2010), citing *Albarado v. Southern Pacific Transp. Co.*, 199 F.3d 762, 765-66 (5th Cir. 1999); *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991); 28 U.S.C. §1447 (c).  The

The timeliness of a notice of removal is governed by 28 U.S.C. §1446(b), which creates a 30-day limitation period for removing cases. The 30-day period removal period is mandatory and must be strictly construed. *Carlton v. Withers*, 609 F.Supp. 146 (M.D. La. 1985).  Failure to timely file a notice of removal is a defect that requires remand to state court. <u>See</u> *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir.1982).  A party may remove a case based on diversity jurisdiction within 30 days of receipt of the initial pleading. <u>See</u> 28 U.S.C. §1446(b).  If the initial pleading is not removable, however, a party may file a notice of removal within 30 days of receipt of an amended pleading, motion, order, or other paper from which it is first ascertained that the case has become removable." 28 U.S.C. 1446(b); <u>see</u> <u>also</u> *Bosky v. Kroger Texas, LP,* 288 F.3d 208, 210 (5th Cir. 2002). When multiple defendants are named, the 30-day time period for removal runs from the time

the first defendant is served.  The decision by the first-served defendant not to remove the case within 30 days binds the later served defendants.  *New York Life Ins. Co. V. Deshotel*, 142 F.3d 873, fn 4. (5th Cir. 1998), citing *Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir. 1986).

Defendants assert two arguments in support of their position that the notice of removal was timely filed, and the court will address each of defendants' arguments individually.  First, defendants argue that the original petition was not initially removable because it did not specifically state that the amount in controversy exceeded the federal jurisdictional amount of $75,000.  Rather, defendants ascertained that this matter was removable upon receipt of the first supplemental and amending petition for damages, which added three insurers as defendants and three layers of insurance coverage from which plaintiff could recover damages.

The right to remove arises when a defendant is first put on notice that all prerequisites for invoking federal jurisdiction have been met.  The court in *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir.1992), held that the 30-day time period set forth in Section 1446(b) "starts to run from the defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."  The Fifth Circuit in *Chapman* adopted a "bright line" rule that if the plaintiff wises the 30-day time period to run from the defendant's receipt of the initial pleading, he should place in the initial pleading a specific allegation that the damages are in excess of the federal jurisdictional amount. Id., at 162, n. 3.

Years later, the Fifth Circuit in *Bosky v. Kroger Texas, LP*, recited the "bright line" rule adopted in *Chapman*, but then stated that the court has "since held that specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable so as to trigger the time limit for filing a notice of removal." See *Bosky v. Kroger Texas, LP,* 288 F.3d 208,210 (5th Cir. 2002), citing *Marcel v. Pool Co.,* 5 F.3d 81, 82-85 (5th Cir. 1993).  A review of the district court cases since *Chapman* and *Bosky* indicates that there is some confusion regarding the specificity required to commence the 30-day removal period in 28 U.S.C. §1446(b).  See *e.g., Gilbreath v. Averitt Express, Inc.*, 2010 WL. 1643786 (W.D. La. 2010)(court held that petition did not trigger the 30-day removal period because it neither contained an allegation that the damages exceeded the federal jurisdictional minimum nor contained a specific damage estimate);  Wise *v. Bayer*, 281 F.Supp.2d 878 (W.D. La. 2003)(court refused to convert the *Chapman* "bright line" rule into a "head in the sand" rule and held that defendants failed to timely file removal when they knew that potential value of case exceed the jurisdictional minimum at the time the initial pleading was filed).

Plaintiff's original petition does not contain a specific monetary amount of damages, nor does it contain a statement that the amount in controversy is *less* than the jurisdictional amount required to maintain jurisdiction in federal court. See La. Code Civ. P. Art. 893(A)(1). Considering the allegations in plaintiff's petition, however, it is unnecessary for plaintiff to allege a specific damage amount.  Plaintiff's original petition contains allegations that clearly indicate that the amount in controversy is satisfied.  Plaintiff's petition seeks damages for additional expenses incurred as a result of defendant's breach/negligence; consequential

-7-

damages, including, but not limited to loss of reserves, loss of revenue, and loss of other business opportunities; and cost of drilling a replacement well to capture the proven reserves (rec. doc. 1-1).  These allegations are sufficient to alert even an unsophisticated party who is uneducated about the precise costs of oilfield operations that the amount in controversy is satisfied in this matter.

Moreover, defendants' argument that the addition of the three insurers as defendants and the three layers of insurance coverage in the first supplemental and amending petition put them on notice that the amount in controversy was satisfied is unconvincing.  As plaintiff correctly points out, the amount in controversy is met by the value of plaintiff's claim, not the amount of available insurance coverage provided by the three insurers  See Hartford Ins. Co. v. Lou-Con, Inc., 293 F.3d 908, 911 (5th Cir. 2002).  Thus, the mere addition of the new insurer defendants could not have clarified the amount in controversy.   The first supplemental and amending petition does not contain any new allegations regarding the type or amount of damages sustained by plaintiff; therefore, if the allegations in the first supplemental and amending petition satisfies the amount in controversy requirement, as defendants argue,  so do the allegations in the original petition.   The allegations in the original petition establish that the amount in controversy was satisfied at the time of removal. The original petition was, therefore, initially removable, and the 30-day removal period ran from defendant Wise Well's receipt of the original petition.

The first-served defendant, Wise Well, however, failed to remove this matter within 30 days of receiving the original petition.  Thus, the insurer defendants advance their second argument that if the court finds that this matter was initially removable, then it also should recognize an exception to the first-served defendant rule in this case because the

first-served defendant was no longer doing business at the time it was served with the petition; therefore, it failed to take steps to remove this action, despite the presence of diversity jurisdiction.

The court in *Brown v. Demco*, 792 F.2d 478, 482 (5th Cir. 1986), recognized that "exceptional circumstances" would permit removal for a later-joined defendant even if the first-served defendant failed to remove within the removal period.  The *Brown* court, however, did not recognize that "exceptional circumstances" existed in that case because there was no bad faith on the part of the plaintiff and did not expand on what set of facts might constitute "exceptional circumstances." Id.  Defendants cite to several cases where the courts recognized that "exceptional circumstances" existed; however, neither the cited cases nor the facts of this case warrant a finding of exception circumstances in the instant case.  See rec. doc. 7, ftnts. 33-36, citing *Milstead Supply Co. V. Cas. Ins. Co.*, 797 F. Supp. 569, 573-574 (W.D. Tex. 1992)(court held that exceptional circumstances existed that justified removing defendant's failure to obtain consent to remove from co-defendant); *White v. White*, 32 F. Supp.2d 890, 893-894 (W.D. La. 1998)(exceptional circumstances found when plaintiff delayed service on diverse party); *Haywood v. Tribeca Lending Corp.*, 2006 WL 2708578, at *2 (N. D. Miss. 2006)(exceptional circumstances found when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit).

Based on the facts of this case, the only "exceptional circumstance" offered by defendants that might support removal is a situation where the petition "is so substantially amended as to alter the character of the action and constitute essentially a new lawsuit."

See Haywood, citing *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 -242 (5th Cir. 2000).[2] This is not a case where "the petition [was] so substantially amended as to alter the character of the action and constitute essentially a new lawsuit."

Plaintiff originally filed suit against defendant Wise-Well for damages caused to the well.  The substantive allegations in the original petition are identical to those in the first supplemental and amending petition.  The first supplemental and amending petition does not assert new claims, but only adds defendant Wise Well's insurers as named defendants. Although plaintiff could have named the insurers in the original petition, it was under no obligation to do so, and the fact that Wise Well may have had an obligation pursuant to the terms of the policies to notify its insurers of a claim does not impose an obligation on plaintiff to name the insurers as defendants.  In many cases, the injured party does not have knowledge of the negligent party's insurer at the original pleading stage; therefore, it is unable to name the insurer as a defendant.  In those cases, the removal clock is ticking even though the insurer does not have notice of the lawsuit or its right to remove until it is notified of a claim by its insured or named as a defendant.  Regardless of whether the insurer is named as a party, under Louisiana law, the insured and the insurer are solidarily liable to the injured party based on the terms of the insurance policy issued by the insurer. See La. R.S. 22:1269.  The insurer merely steps into the shoes of its insured to the extent or limit of the policy issued to the insured. See *Vowell v. Manufacturer's Casulaty Ins. Co.*,

---

[2] The court in *Johnson v. Heublin*, supra, recognized a "judicially-created revival exception to the thirty-day requirement of section 1446(b), paragraph one" .... which "provides that a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit".

86 So.2d 909, 914 (La. 1956).  Thus, the addition of the insurers does not "substantially alter" this action or add a new party who could raise new defenses to plaintiff's claims.

Finally, defendants' argument that because Wise Well was not "operating" at the time the suit was filed and would have been unlikely to remove this matter, this suit should be revived by the addition of the three insurer defendants is unconvincing.  Although plaintiff offered evidence to indicate that Wise Well was engaged in other litigation and was "operating" on some level at the time this suit was filed, plaintiff is not responsible for ensuring that the named defendant is "operating" in order to trigger the removal period. Defendant Wise Well's obligation to remove may be affected by the issuance of an automatic stay, but the stay was not entered at the time this suit was filed and would not have affected Wise Well's obligation to remove as the first-served defendant.  See Rule 9027(a)(2) Federal Rules of Bankruptcy Procedure.

Based on these facts, it is clear that the three insurer defendants merely stepped into the shoes of their insured Wise Well to defend against plaintiff's claims, and the amendment adding them as defendants did not begin "a substantially new suit," which would serve to revive the 30-day removal period.

Plaintiff requests the payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal as allowed by 28 U.S.C. §1447(c). Section 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The award is within the discretion of the district court and is to be guided by the standard that, "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonably basis for seeking

-11-

removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).  "Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 711.  Considering the unique facts and procedural posture of this case, the court finds that defendants did not  lack an objectively reasonable basis for removing this matter; therefore, plaintiff's request for attorneys' fees and costs should be denied.

### Conclusion

The facts alleged and damages sought in plaintiff's original petition were sufficient to establish that plaintiff's claims satisfy the minimum amount in controversy; therefore, plaintiff's original petition was initially removable.  The facts of this case, however, do not present "exceptional circumstances," which would revive the  30-day time limit for filing a notice of removal under Section 1442(b).  Thus, defendants' notice of removal was untimely filed, and this matter should be remanded.   Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand and request for costs, expenses, and fees (rec. doc. 5) should be **GRANTED IN PART AND DENIED IN PART** as follows:

Plaintiff's motion to remand should be **GRANTED** and this matter **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana; and

Plaintiff's request for costs, expenses, and fees should be **DENIED.**

Signed in Baton Rouge, Louisiana, on November 22, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

-12-

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**


**ORACLE OIL, LLC**                              **CIVIL ACTION**

**VERSUS**                                       **NUMBER 10-388-JJB-DLD**

**LIBERTY   MUTUAL   INSURANCE
COMPANY, ET AL.**

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY  NO  EXTENSION  OF  TIME  SHALL  BE  GRANTED  TO  FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 22, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**